FRANK O'RILEY, *et al.*, V. MOSES WATERS.

TRESPASS TO PROPERTY; *Liability of Wrongdoer for Damages.* O. hired to A. a horse and buggy. During the bailment A. let W. take the property. While in W.'s possession, and in the absence of A., through his (W.'s) reckless driving the horse ran àway, and both horse and buggy were injured. *Held,* That W. was to the property a wrongdoer, and that for the injury caused to the property, by his tortious conduct, the owner could maintain an action against him.

*Error from Davis District Court.*

ACTION by *Frank O'Riley* and *John K. Wright,* as partners, against John Anderson and *Moses Waters,* claiming $500 damages for injuries to plaintiff's horse and buggy. The facts fully appear in the opinion. *Waters* demurred to the petition, claiming that it did not state facts sufficient to constitute a cause of action as to him. The district court, at the April Term 1876, sustained the demurrer. From such decision the plaintiffs appeal, and bring the case here on error.

*McClure & Humphrey,* for plaintiffs.
*C. G. Cox,* for defendant.

The opinion of the court was delivered by

BREWER, J.: Plaintiffs were livery men. They hired a horse and buggy to one Anderson, to drive from Junction City to Fort Riley, and back. Anderson, after driving to Fort Riley, let Waters take possession and drive back. While so doing, through Waters' reckless driving the horse and buggy were both injured. Was Waters responsible to plaintiffs? We think so. And this responsibility arises, not by reason of the breach of any express contract with the plaintiffs, or because Waters occupied in any just sense the relation of servant to Anderson, but by reason of the injury done to the property of plaintiffs by the wrongful conduct of Waters. The action is one sounding in tort, rather than in contract. It may be true, that Anderson is also responsible for the entire loss, though himself guilty of no negligence at the immediate time of the injury, as it was a breach of his contract to turn the property over to Waters. But whatever responsibility attaches to Anderson, it in no manner releases Waters from the consequences of his own wrong. It is generally true, that a wrongdoer is responsible to the party injured for the consequences of his wrong. Waters was, in reference to this property, a wrongdoer. The plaintiffs are the parties whose property his wrong has injured. They may have recourse against others, but this in no manner prevents them from looking to the immediate cause of the injury, the wrongdoer himself. The claim of defendant is, that plaintiffs can look alone to Anderson, their bailee, and with whom alone they had a contract, and that Anderson alone can look to Waters. If this was a matter sounding entirely in contract, there might be some force in the claim, and it might be that only the parties to the contract were responsible for any breach. But the basis of plaintiffs' cause of action is the tort of Waters, and for this he is responsible to whomsoever it has injured. The case of *Branfield v. Whipple*, 10 Allen, 27, is in point. In that case it appeared that plaintiffs hired a team to Whipple. Whipple let one

Rowell drive, and by his reckless driving the team was injured. No contract was made with Rowell by plaintiffs, though they knew of his driving. Action was brought against both Whipple and Rowell, and it was sustained. In the opinion the court says: "The answer that the horse was immoderately driven by Rowell, is conclusive of his liability, but does not necessarily show that Whipple might not also be liable."

The decision and judgment will be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.